## THORPE, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2737. Decided Nov 4, 1936

A. K. Meck, Dayton, and Frank Goodrich, Troy, for Thomas E. Thorpe.

Herman E. Werner, Prosecuting Attorney, Akron, John W. Bricker, Attorney General, Columbus, and Isadore Topper, Asst. Atty. Gen., Columbus, for the State.

## OPINION

By THE COURT

Thomas E. Thorpe was indicted, tried and convicted of the crime of criminal libel in Summit County, Ohio, following which conviction he was sentenced to the Ohio Penitentiary for a period of from two to five years.

Following the arraignment, the defendant entered a plea of not guilty, whereupon bond was fixed for his appearance in the sum of $1000.00. Satisfactory and sufficient bond was immediately given and was a continuing and subsisting bond up until the time of relator's conviction. Immediately following the conviction, counsel for relator asked for a suspension of sentence, which request was refused and Thorpe immediately taken into custody by the sheriff. In proper order, motion for new trial was filed and overruled. Two notices of appeal were given. The first notice of appeal presented the procedural question wherein the trial court refused to suspend sentence and permit relator to give bail pending the necessary time and requisite steps attending the taking the case on appeal to the Court of Appeals of Summit County, Ohio.

The second notice of appeal is on questions of law and involves a review of the case on its merits.

Relator sought and obtained an immediate hearing before the Court of Appeals of Summit County, Ohio, on its first appeal. Finding and judgment was against the relator. The trial court having refused to suspend sentence pending the review in the Court of Appeals, the sheriff of Summit County, Ohio, delivered the relator, Thorpe, to the Ohio Penitentiary where he is now confined.

The relator, Thorpe, has filed a petition in habeas corpus and the same has been heard on oral argument and also upon very

able and comprehensive briefs presented.

It is conceded by all that this court may not through this proceeding review the correctness of the findings and judgment of the courts of Summit County, Ohio.

It is the contention of the relator, Thorpe, that he is being confined in the Ohio Penitentiary without authority of law. The present action in habeas corpus is brought in our court rather than before the Court of Appeals of Summit County by reason of the fact that the Ohio Penitentiary where Thorpe is confined is within the bounds of the Second Appellate Judicial District.

It is the claim and contention of counsel for Thorpe that, having perfected his appeal from the trial court to the Court of Appeals of Summit County, Ohio, the recognizance duly executed at the time of his arraignment continues pending the proceedings in error and hence his incarceration is without authority of law. In support of this claim §13435-9, GC, is cited. This section, among other things, provides for the fixing of recognizance following an indictment with the provision that such recognizance shall continue from term to term except the court on motion or on its own volition may increase or decrease such recognizance at any time. It is also provided in the section that the recognizance when so given shall be conditioned that the defendant abide the order and judgment of the court and appear from day to day and not depart without leave until such case is finally disposed of. The following provisions of the section now quoted in full are pertinent to the present issue:

"It shall not be necessary when such recognizance is so executed for the accused to give another recognizance pending a proceeding in error, but such recognizance shall continue and be in full force throughout such proceeding in error."

On first impression the quoted portion of the above section of the code would seem to sustain the position of relator.

This situation at once demands an examination of the Constitution of Ohio and other sections of the Code in order to determine the operative effect of above §13435-9, GC.

Section 9 of the bill of rights under the Ohio Constitution provides for bail with sufficient sureties except for capital offenses. The Supreme Court of Ohio in the case of **In Re Halsey, 127 Oh St, 318,** construes the above provisions of ▇▇▇▇▇▇ ▇ the bill of rights as only guaranteeing the right to bail before judgment of conviction in trial court.

It therefore follows that the right to bail after conviction must be controlled by the statute.

Sec 13453-1, GC, reads as follows:

"A person sentenced for felony to the penitentiary or reformatory unless the execution thereof is suspended shall be conveyed to the penitentiary or such reformatory by the sheriff of the county in which the conviction was had within five days after such sentence and delivered into the custody of the warden or superintendent of such institution with a copy of such sentence and such convict shall be kept within such institution until the term of his imprisonment expires or he is pardoned or paroled. If the execution of such sentence is suspended and the judgment be thereafter affirmed he shall be conveyed to the penitentiary or such reformatory within five days after the Judge directs the execution of sentence providing however that the trial judge or other judge of said court may in his discretion or for good cause shown extend the time of his conveyance."

The above section is very clear and in positive terms commands the sheriff to execute the sentence "unless the execution thereof is suspended."

The Supreme Court of Ohio in **Municipal Court of Toledo v State ex Platter, 126 Oh St, 103,** makes the following announcement in syllabus 3,

"3. The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute."

Sec 13453-1, GC provides the legislative authority for suspension of sentence. This section reads as follows:

"WHEN EXECUTION SUSPENDED; RECOGNIZANCE. When a person has been convicted of any bailable offense, including the violation of an ordinance of a municipal corporation, in the Court of Common Pleas, or by any court or magistrate inferior to the Court of Common Pleas, and gives notice in writing to the trial judge or magistrate, of his intention to file, or apply for leave to file, petition to review

such conviction, such judge or magistrate may in his discretion suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file, or to apply for leave to file, such petition; and such judge in all bailable cases, except those in which the punishment is imprisonment for life, may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate, conditioned that the accused will prosecute error proceedings without delay and abide by the judgment and sentence of the court."

From the language of the above quoted section, it will be noted that suspension of sentence is provided "when person has been convicted of any bailable offense including the violation of an ordinance of a municipal corporation." The word offense includes misdemeanors as well as felonies.

All offenses are bailable except where capital punishment is prescribed as a penalty. It will be further noted that the section provides that the trial ▮▮▮▮▮▮ ▮ court may in its discretion suspend execution of sentence of judgment. Furthermore, the section is divided into two parts, the first of which provides exclusively for suspending execution of sentence for such fixed period of time as will give the accused time to prepare and file or to apply for leave to file error proceedings. The second portion provides that the court may in all bailable cases except where the punishment is imprisonment for life release the defendant upon a requisite recognizance conditioned that the accused prosecute error proceedings without delay and abide by the judgment and sentence of the court. It will be further noted that the power of the Court in its discretion to suspend sentence is only limited in that the offense must be a bailable one whereas the provision for bail is further limited in that the bailable case must be one in which the punishment prescribed is not imprisonment for life. The above provision of the section was considered by the Supreme Court in In Re Halsey, 124 Oh St, 318, the second syllabus reading as follows:

"2. Sec 13453-1, GC, denying accused person the right to bail after judgment in the trial court where the punishment is imprisonment for life is not unconstitutional."

Sec 13453-2 GC further grants to the trial court after affirmance in the Court of Appeals the power to further suspend execution of sentence for a time sufficient to give opportunity to apply for leave to file petition in error in the Supreme Court. This section is only referred to as it indicates the requisite of a suspension of sentence in order to stay the execution of sentence. In determining the instant case, it is not sufficient to merely consider the provisions of the code relative to bond after sentence. The first requisite to the operative effect of a bond after sentence is that the trial court has suspended the imposition of sentence.

If and when the trial court suspends the imposition of sentence the following provisions of §13453-9, GC, might be operative:

"It shall not be necessary when such recognizance is so executed for the accused to give another recognizance pending proceeding in error but such recognizance shall continue and be in full force throughout such proceeding in error."

The trial court in its discretion might require a new bond as is provided in the last paragraph of §13453-1, GC, or while error proceedings are pending or for good cause shown might invoke the provisions of §13453-3, GC.

We have heretofore cited §13453-1, GC, and we think the provisions therein directing the sheriff to deliver to ▮▮▮▮▮▮ ▮ the penitentiary within five days unless the execution of sentence is suspended removes all doubt as to proper construction of the several provisions of the Code. In other ▮▮▮▮▮▮ ▮ words, in the absence of a suspension of sentence after conviction by the trial court, the provisions of §13435-9, GC, can not operate.

The application for writ of habeas corpus must be denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.