**STATE, Plaintiff-Appellee, v. JOHNSON, Defendant, and STOCKUM, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 676. Decided December 3, 1949.

T. A. Billingsley, Greenville, for appellant.
Howard G. Eley, Pros. Atty., Greenville, for plaintiff-appellee.

**OPINION**

By HORNBECK, J:

The defendant, Wallace J. Johnson, whom we hereinafter refer to as defendant, was indicted for unarmed robbery. He entered a plea of not guilty and the court fixed his bond at $10,000. This bond was given and, although we do not have it or a copy of it before us, counsel agree that it was signed

by the defendant and J. C. Spidel and E. R. Stockum as sureties. We hereinafter refer to E. R. Stockum, as Stockum, or the appellant. The entry fixing the amount of the bond was dated February 14, 1949.

On June 1, 1949, an entry was filed wherein it appears that the defendant withdrew his plea of not guilty and entered a plea of guilty. Recommendation was made that a Probation Officer be appointed. He was appointed to enable the court to determine whether or not the defendant "is entitled to the benefits of probation". The entry also provides, "It is further ordered by the court that the bond of the defendant in the sum of $10,000.00 be continued", and the cause was continued. On the same day, and one minute after the filing of the entry just recited, J. C. Spidel filed his application in which he stated that he withdrew from the bond, asked that the same be terminated and moved the court for an order directing the issuance of a warrant for the arrest of the defendant. On the same day, and one minute thereafter, the following entry was filed:

"This day, upon application of J. C. Spidel, one of the sureties on the bond of Wallace J. Johnson, defendant herein, to withdraw from said bond and for termination of same, it is ordered by the court that said bond be terminated and that a warrant issue to the sheriff of Darke County, Ohio, for the arrest of Wallace J. Johnson."

This entry is signed by the Judge, the Prosecuting Attorney and the attorney for the surety, Wilbur D. Spidel.

It may be assumed that the entries of June 1st set forth proceedings and orders which occurred almost simultaneously and when made the defendant was in open court.

On the same day, namely, June 1st at 1:10 P. M., a bond was filed in the sum of $10,000.00, conditioned that defendant, Johnson, be and appear before said Court of Common Pleas on the — day of ——————, 19—, then and there to answer the charge of robbery and abide the order and judgment of the court, and appear from day to day and not depart without leave until such case is finally disposed of, * * *. In the body of this bond there is found this language:

"Said bond is secured by certified check of E. R. Stockum drawn on the Second National Bank ·of Greenville, Ohio, under date of June 1, 1949, in the sum of Ten Thousand ($10,000.00) Dollars."

The bond is signed by Wallace J. Johnson only. The record is silent as to what was done with this check but it is stated in one of the briefs that the Clerk cashed it the day succeeding its receipt by him. The bond just described is placed in the transcript of docket and journal entries ahead of the order terminating the bond originally given but, as we interpret the time on the file marks, the termination entry preceded the giving of the second bond.

The Probation Officer made his report and thereafter on July 2, 1949, Stockum signed and filed this request:

"The undersigned, Roy Stockum, surety upon the recognizance heretofore given in this case for Wallace J. Johnson, hereby requests you, as Prosecuting Attorney to cause a warrant to issue to the sheriff of Darke County, Ohio, at once, directing him to arrest the said Wallace J. Johnson and bring him before the court as this surety desires to be released from the said bond. This notice is given you in accordance with the provision of §13435-16 GC."

Thereafter, and on July 7, 1949, an entry was filed wherein it appeared that the cause came on for hearing, that inquiry was made as to the presence of the defendant, the formal calling of the defendant in open court is recited, and then follows this significant language:

"It is, therefore, ordered, adjudged and decreed by the court that the default of appearance of the defendant, Wallace J. Johnson, be duly recorded, and that the cash bond given herein by the said Wallace J. Johnson in the sum of $10,000.00, be declared forfeited." .

The entry continues that it appearing that E. R. Stockum had by the wording of the official bond supplied the sum of $10,000.00 cash to the defendant, which said sum was deposited with the clerk of this court as a cash bond; and it further appearing that E. R. Stockum had on July 2, 1949, represented himself as surety and made request for a warrant to issue for the arrest of the defendant, inquiry was made as to his whereabouts and objection was made by counsel for Stockum to the form of the bond.

The objection of appellant to the bond was overruled and continuance of twenty days granted with the order to the clerk to notify Stockum to appear on the 29th day of July, 1949, at 1:30 P. M. and produce the body of defendant or show cause why judgment should not be entered for the

sum of $10,000.00, that being the amount posted in cash as bond herein. Succeeding this entry, and of date July 8th, appellant filed a motion consisting of three branches to set aside and vacate all that part of the foregoing entry of July 7 declaring forfeiture of the bond of June 1, 1949, for the reasons (1) that the bond was not ordered by the trial judge as provided by §13435-3 GC, (2) that the bond was not given in pursuance of any order of the court, which order provided for the continuance of the prior bond of $10,000.00, and (3) that the bond given after a plea of guilty could only be given by and in accordance with the orders of the trial judge. This motion was overruled on July 28th and on July 29th, appellant filed an answer setting up substantially the same objections to the order of June 1st as were carried in the motion which had just been overruled.

Thereafter, on August 6th, the final entry was filed which makes no mention of the answer but recites that the cause came on to be heard on the orders of July 6th and July 26th. This entry "decreed that judgment on the forfeited bond be awarded against Wallace J. Johnson and E. R. Stockum".

The errors assigned are substantiallly those heretofore stated in the motion of appelllant, of date July 8th.

The notice of appeal is directed to the judgment and order entered August 1, 1949. There is no order of that date but if we can determine the judgment from which the appeal is meant to be prosecuted we will consider it and the notice may be amended accordingly. Mosey v. Hiestand, 138 Oh St 249. The last order prior to the notice of appeal is dated August 6, 1949, and we will presume that this is the order from which the appeal is taken. But the errors assigned relate not only to the action of the court as found in the entry of August 6th in "granting final forfeiture of the bond" but also in overruling the motion of appellant to set aside and vacate the order of July 7th wherein the court ordered, "that the cash bond given by Wallace J. Johnson be declared forfeited". The order of July 7th is a final order wherein the cash bond of $10,000.00 is declared forfeited.

The appeal would present several interesting questions, if urged, such as the status of the appellant upon the second bond inasmuch as he did not sign it but provided the check which was converted into a cash bond. Isbell v. Houghton (Mich.) 16 A. L. R. 974. Is a judgment necessary following forfeiture against one who had provided cash bond for the accused? May the motion to set aside the order forfeiting the bond be considered as presenting a possible error for review in view of the fact that no ground is assigned under

§11631 GC or any other that was not known when the forfeiture was ordered? As counsel for the appellee raises none of these questions, we waive them and pass upon the errors assigned.

It is urged by the appellant that there was no sufficient order of the trial judge to support the acceptance of the second bond by the clerk. The order as to the first bond was in usual and appropriate form. The language of the entry reciting the order upon which the second bond was taken is, "The bond of the defendant in the sum of $10,000.00 to be continued". This could mean that the bond then on file with the clerk should be continued or that a bond in the amount and upon conditions as before ordered should be continued. It is not probable that, with knowledge of the application of the surety, Spidel, to be relieved from the first bond and of the presence of defendant in open court, the trial judge would ignore this application and order the bond still binding upon Spidel to be continued. The language of the entry does not require the construction that no new bond was in contemplation of the judge when the order was made. It was not necessary in the first instance that the judge specifically direct the clerk of his court to take any particular bond, the amount having been fixed, that being a ministerial duty, §13435-1 GC, nor was it necessary, the amount of the bond being fixed, to make a more specific order as to the second bond. Sec. 13435-2 GC.

We are cognizant of the fact that the language of the second bond, which is in form that prescribed by §13435-9 GC, does not completely meet the situation existing at the time that the new bond was given because the defendant had then been convicted by his plea of guilty of the offense with which he was charged. However, no sentence had been pronounced upon the conviction. But the language of the statute carried into the bond, though not exact, further provided that the defendant abide the order and judgment of the court, * * *, and appear from day to day and not depart without leave until such case is finallly disposed of. This last condition of the bond was violated. No defect in the form of the bond shall bar or defeat an action for judgment on it. Sec. 13435-22 GC.

Counsel places dependence upon **In Re: Thorpe, 132 Oh St 119.** In the cited case the accused had been convicted and sentenced but the trial judge had refused to suspend execution of the sentence and to fix bond pending error proceedings. Thorpe insisted that he was entitled to be released on bail as a matter of right and that such bail would have the effect

of suspending execution of the sentence. The Supreme Court held that §13435-9 GC assures the benefit of bail to a convicted person only after sentence and order of suspension thereof which, if made, will authorize either an order requiring a new bond or continuance of the bond given before trial and conviction. See also **In Re: Thorpe, 23 Abs 112.** The Thorpe case does not control in the factual development here.

It is the claim of the Prosecuting Attorney that the original bond was effective at all times prior to final judgment and that it had not been terminated. This position can not be maintained in view of the judgment entry of June 1, 1949, expressly terminating it. The action taken must be based on the second bond.

It is our conclusion that no error assigned and urged in the brief of appellant is established. The judgment will therefore be affirmed.

MILLER, PJ, and WISEMAN, J, concur.